## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

       v.                                                        Case No. 12-40030-01-JAR
                                                                 Case No. 17-4004-JAR
WILLIE MARQUIS HALCROMBE, JR.,

       Defendant/Petitioner.

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Willie Halcrombe's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 36). The Government has responded (Doc. 38) and Petitioner has replied (Doc. 39). As explained below, Petitioner's § 2255 claims are dismissed as untimely, and his request for sentence reduction is dismissed for lack of jurisdiction.

**I.      Procedural Background**

On March 7, 2012, Petitioner Halcrombe was charged with one count of possessing with the intent to distribute crack cocaine in violation of 21 U.S.C. ,§ 841(a)(1); one count of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A); and one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g).[1]

On June 26, 2012, Halcrombe entered a guilty plea to the possession of crack cocaine count of the Indictment, pursuant to Fed. R. Crim. P. 11(c)(1)(C).[2] Halcrombe faced a

---

[1]Doc. 1.

[2]Doc. 17.

mandatory minimum sentence of twenty-five years under § 924(c)(1)(C)(i) if convicted of the gun charge in Count 2, as he had a prior § 924(c) conviction.[3]  As an appropriate disposition of the case, the parties recommended a controlling sentence of 108 months' imprisonment.[4]  In exchange, the gun charges were dismissed.[5]  The parties waived the Presentence Investigation Report ("PSR") and Halcrombe was sentenced immediately after the Court accepted his plea agreement to a controlling term of 108 months.[6]  As the Court noted at the hearing, the Government could have proceeded with the firearm charge in addition to the drug charge, which carried a mandatory minimum sentence of twenty-five years, and that Halcrombe was taking advantage of the agreement by requesting admission to the residential drug treatment program ("RDAP").  Halcrombe did not file a direct appeal.

After sentencing, the United States Probation Office updated a previous Presentence Investigation Report ("PSR") as directed by the Court for purposes of the Bureau of Prisons and its programming.[7]  The PSR calculated Halcrombe's base offense level as 14, based on an offense involving  more than twenty-five grams of cocaine pursuant to U.S.S.G. § 2D1.1(c)(13). He received a two-level gun enhancement pursuant to U.S.S.G. § 2B1.1(b)(1) and two-level decrease for acceptance of responsibility, resulting in a total offense level of 14.  Cross-referenced with his criminal history category of IV, the resulting Guidelines range was 27 to 33 months.[8]

On October 3, 2014, Halcrombe moved to reduce his sentence pursuant to 18 U.S.C.

---

[3]Doc. 19 at ¶ 27.

[4]*Id.* at 13, ¶ 3.

[5]*Id.* at ¶ 1.

[6]Doc. 20.

[7]Doc. 19.

[8]*Id.* ¶ 69.

§ 3582(c)(2) on the grounds that Amendment 782 applied to his case and he was thus entitled to a two-level reduction;[9] he renewed his request on April 20, 2015.[10]  This Court denied Halcrombe's motion as he had been sentenced outside the calculated Guidelines range in accordance with Rule 11(c)(1)(C) in agreement with the Government, and he was thus ineligible for relief under Amendment 782.[11]

On June 24, 2016, Halcrombe filed a § 2255 motion on the ground that the sentence imposed upon him as a career offender is now invalid in the wake of the Supreme Court's decision in *Johnson v. United States*.[12]  The Government moved for dismissal of the motion on the grounds that Halcrombe was not considered an armed career criminal and the career offender guideline pursuant to U.S.S.G. § 4B1.1 had no application to his case, and he is not eligible for a two-level reduction under Amendment 782 because he entered into a Rule 11(c)(1)(C) plea agreement.[13]  This Court subsequently granted Halcrombe's request to withdraw his motion.[14]

Halcrombe filed the instant motion on January 17, 2017, on the grounds that his sentence violates the Ex Post Facto clause of the United States Constitution, that his trial counsel was ineffective, and that he qualifies for a sentence reduction under Amendment 782.  The Government opposes the motion on grounds that it is untimely and that the claims presented lack merit.

---

[9]Doc. 22.

[10]Doc. 26.

[11]Doc. 27.

[12]135 S. Ct. 2551 (2015).

[13]Doc. 33.

[14]Docs. 33, 35.

## II.      Discussion

A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief.[15]  This statute states that a defendant has one year from the date his judgment of conviction became final to file his § 2255 motion.[16]  The Court entered Judgment on June 26, 2012.[17]  Under Rule 4(b) of the Federal Rules of Appellate Procedure, Halcrombe's judgment became final fourteen days later, on July 10, 2012, as he did not file a direct appeal of his judgment of conviction.[18]  Thus, in order to be timely under § 2255(f)(1), Halcrombe was required to file his § 2255 motion by July 10, 2013.  Halcrombe filed the instant § 2255 motion on January 17, 2017, over three years after the one-year limitations period ran.

In his reply to the Government's response seeking dismissal of his motion, Halcrombe concedes that his motion was filed outside the one-year deadline, but argues that he is entitled to equitable tolling of the statute of limitations because his attorney abandoned him and refused to forward the record.  "A litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[19]  In the habeas action context, equitable tolling has been

---

[15]*See* 28 U.S.C. § 2255(f).

[16]*Id.*

[17]Doc. 20.

[18]*See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (holding "[i]n the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires.").

[19]*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (concluding equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

limited to "rare and exceptional circumstances."[20]  The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstance—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[21]

Halcrombe fails to allege any facts that demonstrate he has diligently pursued his claim. Halcrombe has not asserted that he undertook any action to pursue his instant § 2255 claims during the year-long limitations period, such as working on the drafting on his petition or contacting an attorney to assist him in seeking habeas relief.  Instead, he cites to his motions to reduce sentence filed in 2014 and 2015 and his *Johnson* § 2255 as evidence that he diligently pursued his rights.  None of these motions raised the instant claims, however, and the withdrawn § 2255 was also filed outside the one-year limitations period.

Nor does Halcrombe set forth facts to show that some extraordinary circumstance stood in the way of his filing the instant motion.  The Tenth Circuit recognizes that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period."[22]  In *Fleming v. Evans*, the petitioner hired counsel to represent him in state post-conviction proceedings.[23]  The petitioner subsequently made a number of inquiries as to the status of his petition and was told each time that it was being prepared and would soon be filed.[24]  The petition was never filed, however, and the petitioner ultimately

---

[20]*Gibson v. Klinger*, 232 F.3d 799, 800 (10th Cir. 2000).

[21]*Id.* (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

[22]*Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007).

[23]*Id.*

[24]*Id.*

drafted a petition with the help of a prison clerk.[25]  The petitioner submitted it to counsel for review and filing in state court, but counsel did not file until after the AEDPA deadline had passed.[26]  On these facts, the court concluded that the petitioner was at least entitled to an evidentiary hearing to determine whether equitable tolling should apply.[27]

By contrast, although Halcrombe contends that counsel "abandoned" him in his representation in the underlying proceedings, he does not assert that counsel's representation extended to assisting him with the filing of a § 2255 motion.  Even assuming the truth of Halcrombe's allegation that counsel refused to forward him the record, he has not asserted any facts to persuade the Court that counsel engaged in sufficiently egregious conduct.  Halcrombe does not offer details of discussions, correspondence, or any circumstances that his counsel led him to believe or represented that he would not return Halcrombe's file, nor does he assert when he first demanded the return of the file or why this prevented him from asserting his present claim of ineffective assistance of counsel within the limitations period.  This is an insufficient basis for finding such extraordinary circumstances as to justify tolling of the limitations period.  Accordingly, the Court finds that Halcrombe's request for equitable tolling is without merit and his motion is untimely.

Even if Halcrombe was entitled to equitable tolling, however, his § 2255 motion is without merit.  In exchange for the plea agreement that dismissed the § 924(c) charge that carried a twenty-five year mandatory minimum sentence, Halcrombe expressly agreed to waive his right to challenge the agreed-upon 108-month sentence:

---

[25]*Id.*

[26]*Id.*

[27]*Id.* at 1256–57.

**Waiver of Appeal and Collateral Attack**.  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this investigation, including motions to suppress evidence, the prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upward from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).[28]

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable.[29]

In his reply, Petitioner claims that counsel misled him into believing the Government could seek a twenty-five year sentence under the § 924(c) charge, knowing that the law does not permit such a sentence.  To establish ineffective assistance of counsel, a defendant must show that (1) the performance of counsel was deficient and (2) a reasonable probability that but for counsel's unprofessional errors, the results of the proceeding would have been different.[30]  To meet the first element, a defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

---

[28]Doc. 17 at 16, ¶ 9.

[29]*United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003); *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001); *United States v. Hernandez*, 134 F.3d 1435, 1437 (10th Cir. 1998).

[30]*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Amendment."[31]  In other words, a defendant must prove that counsel's performance was "below an objective standard of reasonableness."[32]  *Strickland* mandates that the Court be "highly deferential" in its review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[33]  The Court must not second-guess counsel's assistance with the benefit of hindsight simply because a defendant was convicted and sentenced to a lengthy prison term.[34]

To show prejudice in the guilty plea context, a defendant must show a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.[35]  As part of this proof, a defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances."[36]  A defendant's mere assertion that but for counsel's errors, he would have insisted on trial is necessary, but ultimately insufficient to entitle him to relief.[37]  The Court evaluates the factual circumstances surrounding the plea to predict "whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors."[38]  While a defendant need not show that he would have prevailed at trial, his prospects of succeeding inform the court's view of whether he in fact would have gone to trial absent the alleged errors.[39]  The strength of the government's case is

---

[31]*Id.* at 687.

[32]*United States v. Walling*, 982 F.2d 447, 449 (10th Cir. 1992).

[33]466 U.S. at 689.

[34]*See id.*

[35]*See Hill v. Lockhart*, 474 U.S. 52, 59 (1085); *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002); *Miller v. Champion*, 262 F.3d 1066, 1068–69 (10th Cir. 2001).

[36]*Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)).

[37]*Miller*, 262 F.3d at 1072; *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993).

[38]*Clingman*, 288 F.3d at 1186; *see Miller*, 262 F.3d at 1072 (examining factual circumstances surrounding plea to determine whether petitioner would have proceeded to trial).

[39]*United States v. Triplett*, 263 F. App'x 688, 690 (10th Cir. 2008); *see Clingman*, 288 F.3d at 1186.

often the best evidence whether the defendant in fact would have changed his plea and insisted on going to trial.[40]

As noted in the PSR, Halcrombe had a prior conviction for use of a firearm during a drug trafficking crime in Case No. 01-40027, for which he received a 60-month sentence. Section 924(c)(1)(C)(i) states "[i]n the case of a second or subsequent conviction under this subsection, the person shall—be sentenced to a term of imprisonment of not less than 25 years." Halcrombe argues that this statute is limited to multiple § 924 counts charged in the same case or indictment. While Halcrombe is correct that two separate § 924(c) charges in the same case can trigger a mandatory minimum sentence, the statute clearly states that the sentence applies to a second or subsequent conviction in a prior proceeding.[41] Accordingly Halcrombe has not alleged any facts to show that counsel's performance was deficient with respect to calculating the mandatory minimum sentence.

Likewise, Halcrombe has not shown a reasonable probability that he would not have pled guilty and would insist on going to trial. As noted, under the plea agreement, the Government agreed to dismiss the § 924(c) firearms count, which carried a mandatory minimum sentence as a second firearm conviction. In light of the evidence and the significant benefits that Halcrombe received under the plea agreement, he has not shown how a decision to reject the plea bargain would have been rational under the circumstances.[42]

The remainder of Halcrombe's claims challenge his conviction and the sentence imposed and are thus subject to application of the waiver. Petitioner contends that the Ex Post Facto

---

[40] *See Hill*, 474 U.S. at 59–60.

[41] *See Deal v. United States*, 508 U.S. 129, 130–31 (1993) (holding that "[i]n the context of § 924(c)(1), we think it unambiguous that 'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction. A judgment of conviction includes both the adjudication of guilt and the sentence.").

[42] *Padilla*, 559 U.S. at 372.

clause was violated because he was charged with possession of crack cocaine when he was arrested with powder cocaine, and that his 108-month sentence was 75 months higher than the Guidelines Range of 27 to 33 months, as stated in the PSR.  Petitioner further claims that this Court did not comply with U.S.S.G. § 4A1.3 when it imposed an upward departure from the PSR.  Halcrombe expressly agreed to waive his rights to collaterally attack both his conviction and the sentenced imposed.  Here, the Court ensured by careful colloquy that Halcrombe's plea and plea agreement were voluntary and knowing.  These challenges do not reflect an attack on the effectiveness of counsel, but rather, are based on Sentencing Guidelines provisions that he believes should have been applied.  As explained above, however, Halcrombe was not sentenced under the Guidelines but pursuant to an agreed-upon Rule 11(c)(1)(C) sentence of 108 months that significantly departed from the significant mandatory minimum term he faced under the dismissed firearms charge.[43]  The Court finds that the plea and collateral waiver are effective and bar these challenges and that no miscarriage of justice arises from application of the waiver.[44]

### Amendment 782

Finally, Halcrombe asserts once again that he should be resentenced pursuant to Amendment 782 to the Sentencing Guidelines, which reduces the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses.[45]  This amendment became effective November 1, 2014, and applies retroactively.  Such a claim, however, is inappropriately raised in a motion brought pursuant to 28 U.S.C. § 2255.

---

[43] *See United States v Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (holding that a sentence pursuant to a Rule 11(c)(1)(C) plea agreement is "base on" the plea agreement, not the Sentencing Guidelines, absent language in the plea agreement using or employing a specific Guidelines range).

[44] *See United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004).

[45] *See* U.S.S.G., suppl. to app. C, amend. 782 (U.S. Sentencing Comm'n 2014).

Section 2255 permits a prisoner to contend that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[46]  It "does not encompass all claimed errors in . . . sentencing."[47]  If a petitioner does not allege lack of jurisdiction or constitutional error, an error of law will not provide a basis for habeas relief unless that error "resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'"[48]  As previously discussed, Halcrombe's sentence was neither unlawful nor a miscarriage of justice.  The fact that the Sentencing Commission subsequently changed the Guidelines range does not make the sentence unlawful or erroneous.[49]  Accordingly, the original sentence is lawful and not subject to collateral attack.

Instead, the governing statute and the Sentencing Guidelines establish a mechanism for application of a post-sentencing substantive change to the Guidelines in 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  The Sentencing Commission is given the authority to determine whether and to what extent a Guidelines change may be retroactively applied.  If a defendant is eligible under those terms for a sentencing reduction, the sentencing judge has discretion to decide whether to grant a reduction.[50]  As this Court previously ruled, however, Halcrombe is not eligible for a two-level reduction under Amendment 782 because he was sentenced outside the calculated Guidelines range in accordance with the Rule 11(c)(1)(C) plea agreement with the

---

[46]28 U.S.C. § 2255(a).

[47]*United States v. Addonizio*, 442 U.S. 178, 185 (1979).

[48]*United States v. Timmreck*, 441 U.S. 780, 783–84 (1979) (quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939)).

[49]*See, e.g., United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994) ("The district court's failure to apply a guideline that was not effective at the time of sentencing does not give rise to a complete miscarriage of justice."); *Hamilton v. United States*, 67 F.3d 761, 763–64 (9th Cir. 1995).

[50]*Dillon v. United States*, 560 U.S. 817, 826 (2010).

Government.  Accordingly, his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[51]  Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), Halcrombe is not eligible for further relief and his  motion for relief requesting consideration of a reduced sentence under Amendment 782 is denied.

### Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[52]  A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[53]  A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[54]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[55]  For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing his § 2255 motion.  The Court notes, however, that there is no such requirement for a COA with respect to its ruling denying Petitioner's request under § 3582(c)(2).

---

[51]18 U.S.C. 3582(c)(2); *see also United States v. White*, 765 F.3d 1240, 1246 (10th Cir. 2014).

[52]28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[53]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[54]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[55]*Id.* at 336; s*ee also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Willie Halcrombe's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 36) is DISMISSED as untimely.  Petitioner is also denied a COA.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) and Amendment 782 is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: February 27, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE