IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 12-40030-JAR |
| WILLIE MARQUIS HALCROMBE, JR., | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Defendant Willie Halcrombe, Jr. was sentenced to a 108-month term of imprisonment and a three-year term of supervised release for a drug trafficking offense. This matter is before the Court on his Motion to Terminate Remaining Term of Supervised Release (Doc. 53). Both the government and the United States Probation Office ("USPO") oppose Defendant's motion.[1] For the reasons explained below, the Court denies Defendant's motion.

**I.    Background**

On March 7, 2012, Defendant was charged with one count of possession with intent to distribute cocaine base and two related firearm counts. Defendant entered a guilty plea to the drug charge on June 26, 2012, and the firearms counts were later dismissed. This Court accepted the parties' binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement and imposed a sentence of 108-months' imprisonment, followed by a 36-month term of supervised release. The term of imprisonment represented an upward departure from the advisory Guidelines range; had he been convicted of the firearm charge in Count 2, Defendant would have been

---

[1] Doc. 54.

subject to a consecutive 25-year term of imprisonment.[2]  On August 17, 2018, Defendant's sentence was reduced to 102 months imprisonment, based upon the parties' agreed order.[3]

On August 9, 2019, Defendant began serving his term of supervised release.  His conditions of supervised release were modified by this Court on November 26, 2019, to mandate that he participate in a cognitive behavioral program ("MRT"), after he tested positive on a urinalysis test for cocaine.[4]  On July 20, 2020, the Court again modified the conditions of supervision to require him to comply with a curfew and reside at residential reentry center for up to 90 days.[5]  This modification occurred after Defendant attempted to bribe a staff member at Valeo Behavioral Health Care ("Valeo") for a negative urinalysis test.

Defendant has complied fully with the above modifications of supervision and no additional modifications have been necessary since 2020.  His term of supervised release is scheduled to terminate on August 9, 2022.  Nevertheless, the USPO does not recommend Defendant receive early termination based on his criminal history, specifically, this is Defendant's second federal criminal drug trafficking case that involved distribution of cocaine, and in his first case he drew a firearm on law enforcement officers.[6]  The government shares the USPO's concerns, citing Defendant's history and past characteristics, and points out that his term of supervised release will end shortly in four months.

---

[2] Doc. 19 ¶ 70; 18 U.S.C. § 924(c)(1)(C)(i).

[3] Doc. 49.  This order followed the United States Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), which held that Rule 11(c)(1)(C) agreements were "based on" the Sentencing Guidelines and thus eligible for sentence reductions under 18 U.S.C. § 3582(c)(2) for retroactive application of Guidelines Amendments, in this case, Amendment 782.

[4] Doc. 50.

[5] Doc. 51.

[6] *See* Doc. 19 ¶ 27.

**II.     Discussion**

Defendant seeks early termination of his three-year term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes the Court to terminate a defendant's term of supervised release "at any time after the expiration of one year of supervision" if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  In deciding whether to terminate a term of supervised release, § 3583(e) directs the Court to consider certain factors set forth in 18 U.S.C. § 3553(a).[7]  Whether to grant a motion to terminate a term of supervised release rests within the discretion of the Court.[8]

**A.     Section 3553(a) Factors**

While the Court has the authority to terminate supervised release after one year, it must consider the factors set forth in § 3553(a) before ending supervision, which include: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) adequate deterrence; (3) protection of the public; (4) the need for effective education, training, care or treatment; (5) the sentencing guideline factors and range in effect at the time of sentencing; (6) pertinent Sentencing Commission policy statements; (7) the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and (8) the need to provide victim restitution.[9]  Section 3553(a) factors a reviewing court may *not* consider are "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense[,]" and "the kind of sentences available."[10]

---

[7] *See United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (citing 18 U.S.C. § 3583(e)(1)).

[8] *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2011).

[9] 18 U.S.C. § 3583(3) (citing 18 U.S.C. § 3553(a) factors).

[10] *Id.*

This is because supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)."[11]

### *History and Characteristics of Defendant*

The Court finds the history and characteristics of Defendant weigh against early termination of supervision. He has a lengthy history of criminal behavior, resulting in a criminal history score of IV. As noted, this violent criminal history includes drawing a firearm on law enforcement officers.

### *Adequate Deterrence and Protecting the Public*

Looking at the second and third § 3553(a) factors, Defendant has served his custodial sentence and almost three years under supervision. The severity of this punishment provides an adequate deterrent to others. Regarding the need to protect the public from additional criminal conduct by Defendant, the length of time he has spent under supervision with or without infraction is relevant. Soon after his release from prison in 2019, Defendant tested positive for cocaine. After a second violation and attempt to bribe a staff member at Valeo, the Court imposed a curfew and residential reentry center requirement. It was not until after this rocky start that Defendant has complied with all terms of supervision and shown an ability to reintegrate himself into the community. The Court finds that while Defendant does not appear to present any threat of committing further crimes, adhering to the rules that are part of his supervised release for the remaining four-month period will provide him ongoing structure as he continues to adjust to life in the law-abiding community. This factor weighs against early termination of supervised release.

---

[11] *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011).

*Training or Correctional Treatment*

Defendant does not appear to have continuing rehabilitative or training needs.  This factor weighs in favor of early termination.

*Sentencing Guidelines and Policy Statements*

Defendant's mandatory term of supervised release for the drug-trafficking conviction is at least three years.[12]  This factor is neutral in the Court's analysis.

*Sentencing Disparities and Restitution*

This factor has limited relevance.  There is no evidence that early termination of Defendant's term of supervised release is necessary to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  Moreover, the "factor of avoiding unwarranted sentencing disparities . . . would generally undermine the case specific inquiry in evaluating a motion for early termination of supervised release, such that this factor has limited utility in this context."[13]  Thus, this factor has little bearing on the overall § 3553(a) analysis.

*Restitution*

Defendant has no restitution obligations.

**B.      Consideration of the Interests of Justice**

Having considered the § 3553(a) factors, the opinion of the USPO, and the position of the government, the Court is satisfied that continued supervision is in the interest of justice.  While the Court commends Defendant for his adherence to the conditions of supervised release after modifications were imposed, his successful completion of the MRT program, his

---

[12] 21 U.S.C. § 841(b)(1)(C).

[13] *United States v. Harris*, 258 F. Supp. 3d 137, 145 (D.D.C. 2017).

community service at a Topeka thrift store, and his commitment to success working as a personal trainer, it nevertheless finds that it is in both Defendant's best interest and the best interest of the community for him to continue to be supervised until August 2022. Defendant's term of supervised release is a mandatory statutory term of at least three years. It is therefore both reasonable and appropriate for Defendant to continue serving his three-year term. This supervision should have no more than a minimal to moderate impact on his day-to-day life, with visits occurring infrequently.

For the foregoing reasons, the Court finds that continued supervision is both in Defendant's best interest and in the best interest of the community. Defendant's motion for early termination of supervised release is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Willie Marquis Halcrombe, Jr.'s Motion to Terminate Remaining Term of Supervised Release (Doc. 53) is **denied**.

**IT IS SO ORDERED.**

Dated: May 5, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE